IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ⎯⎯ D.C.

05 DEC 19 AM 11: 14

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Cr. No. 02-20305-Ml |
| RICHARD CRAWFORD, | |
| Defendant. | |

ORDER DENYING MOTION FOR CUSTODY CREDIT

Defendant, Richard Crawford, prison registration number 18782-076, an inmate at the Federal Correctional Institution ("FCI") in Forrest City, Arkansas, has written three letters which have been filed in this criminal case requesting custody credit for time spent in custody at the West Tennessee Detention Facility ("WTDF") in Mason, Tennessee. The Court construes the three letters collectively as a motion for custody credit.

A federal grand jury charged Crawford in an eight-count indictment with seven counts of dealing in counterfeit obligations or securities, in violation of 18 U.S.C. § 473(f)(Counts One through Seven) and one count of transporting a firearm after the conviction of a felony, in violation of 18 U.S.C. § 922(g)(Count Eight). On December 1, 2003, Crawford pled guilty to Count Six of the indictment pursuant to a plea agreement under which the United States agreed to dismiss the remaining counts of the indictment and recommend that Crawford be sentenced at the lowest end of the applicable sentencing guideline range or to the statutory minimum

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on  12-19-05

(116)

sentence. On February 27, 2004, the Court imposed a sentence of forty-four months imprisonment, to be served consecutively to Crawford's state sentence imposed in Case No. 98-0942, along with a three year term of supervised release. The Court entered its judgment on February 27, 2004. Crawford appealed, and the Sixth Circuit recently affirmed his conviction and sentence. United States v. Crawford, No. 04-5306 (6th Cir. Aug. 10, 2005).

Crawford alleges that the Bureau of Prisons ("BOP") refuses to grant him custody credit for his time spent at the WTDF prior to the disposition of his federal court case. After Crawford was sentenced, he was returned to state custody to serve the remainder of his state sentence. Crawford alleges that he was paroled from his state sentence in November, 2004, at which time federal marshals returned him to the WTDF to complete service of his federal sentence.

The commencement and calculation of the term of imprisonment of a federal prisoner, including any award of credits, is governed by 18 U.S.C. § 3585, entitled "Calculation of a term of imprisonment," which states as follows:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

2

>    (1) as a result of the offense for which the sentence was imposed; or
>
>    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

This Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b). That task is reserved for the Attorney General of the United States through the BOP. United States v. Wilson, 503 U.S. 329, 333-34 (1992); United States v. Cobleigh, 75 F.3d 242, 251 (6th Cir. 1996).

Crawford must exhaust his administrative remedies through the BOP before he may petition the district court to review an administrative decision denying credit for presentence detention. A prisoner who wishes to appeal a decision by the BOP must seek administrative review of the computation or denial of credits, C.F.R. §§ 542.10-542.16 (1997), and, when he has exhausted all administrative remedies, he may then seek judicial relief pursuant to 28 U.S.§ 2241. See Wilson, 503 U.S. at 335; McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993); United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992).[1]

---

[1] Habeas corpus is the remedy for a federal prisoner who is raising issues that challenge the execution of his sentence. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991); Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977).

3

Thus, exhaustion of administrative remedies within the BOP is a jurisdictional prerequisite to seeking the district court's review of the BOP's sentence credit calculation. Crawford does not allege that he has made any attempt to exhaust his administrative remedies with the BOP as required. Therefore, the Court has no jurisdiction over his claim for custody credit. <u>Wilson</u>, 503 U.S. at 333; <u>United States v. Westmoreland</u>, 974 F.2d 736, 737-38; see also <u>Davis v. Keohane</u>, 835 F.2d 1147 (6th Cir. 1987); <u>Little v. Hopkins</u>, 638 F.2d 953 (6th Cir. 1981).

Crawford's motion is DENIED without prejudice to his right to submit a petition pursuant to 28 U.S.C. § 2241 once he has exhausted his administrative remedies.

As no reasonable jurist could disagree that this Court is without jurisdiction to award jail credit, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant would not be taken in good faith.

IT IS SO ORDERED this __19__ day of __Dec.__, 2005.

JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 116 in case 2:02-CR-20305 was distributed by fax, mail, or direct printing on December 19, 2005 to the parties listed.

---

Timothy R. DiScenza
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Richard Crawford
FCI-FORREST CITY
18782-076
P.O. Box 9000
Forrest City, AR 72336

Honorable Jon McCalla
US DISTRICT COURT